UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SMITH,        )  | |
|         Plaintiff,        ) | |
|                                  )  | Case No.: |
| vs.                           )  | |
|                                  )  | |
| BROWN UNIVERSITY,    )  | |
|         Defendant.    )  | |
|                                  )  | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

Plaintiff David Smith, by and through his attorneys, hereby seeks authorization to file a Verified Complaint and proceed in the above-captioned case as a pseudonymous Plaintiff. This is a case involving highly sensitive and intimate facts concerning a sexual encounter between David Smith and another student at Brown that is currently the subject of an ongoing disciplinary proceeding at the University. David Smith's Verified Complaint challenges Brown's decision to suspend him *before* determining whether he is responsible for the alleged sexual misconduct at issue. The underlying disciplinary proceedings are a strictly confidential proceeding that will play out over the next several months.[1] In this action, David Smith seeks only to remain a student during that time, consistent with Brown's contractual obligation to presume him not responsible unless and until the formal complaint resolution process finds otherwise. David Smith is understandably concerned that using his real name in this case will significantly and permanently harm his reputation and negatively affect future educational and employment prospects. Similarly, David Smith also seeks permission in this Motion to refer to his accuser as Jane Roe and to use pseudonyms to the extent any other students involved in the disciplinary

---

[1] Notably, Federal Regulation requires Brown to keep the identities of the students confidential. *See* Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (protecting the privacy interests of student education records).

proceeding may become relevant, so as to protect the privacy interests of all interested parties. Upon the Court's request, David Smith is prepared to provide a statement of his true identity under seal.

## STATEMENT OF FACTS

Plaintiff David Smith and his accuser, Jane Roe, are both students at Brown University ("Brown"). The Verified Complaint asserts claims against Brown for breach of contract regarding David Smith's suspension and removal from campus pending resolution of Jane Roe's formal complaint alleging sexual assault. The Verified Complaint provides a detailed account of the sexual encounter between David Smith and Jane Roe as well as the arbitrary process through which Brown issued an interim suspension against David and its facts are incorporated by reference as if fully set forth herein.

## ARGUMENT

While a complaint must normally state the names of all parties, *see* Fed. R. Civ. P. 10(a), and while "[n]either the U.S. Supreme Court nor the First Circuit has 'definitively articulated' when a plaintiff may proceed under a pseudonym[,]" *Doe v. Univ. of Maine Sys.*, No. 1:19-CV-00415-NT, 2020 WL 981702, at *4 (D. Me. Feb. 20, 2020) (quoting *Doe v. Trustees of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *2 (D. Mass. May 2, 2018)), federal courts have nevertheless "permitted parties to proceed under pseudonym in certain cases." *Id.* "[T]he First Circuit has stated that the 'starting point must always be the common-law presumption in favor of public access[,]'" and "that there must be a compelling countervailing interest to justify limiting that access[.]" *Id.* (quoting *Nat'l Org. For Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011)). "[P]rivacy rights of participants and third parties are among those

interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id.* (internal quotations and citation omitted).

Because the First Circuit has not developed a test to assess whether a plaintiff should be permitted to proceed under a pseudonym, courts in this district have applied the Third Circuit's "multifactor test" established in *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011). *See id.*; *see also Dartmouth*, 2018 WL 2048385, at *5 (applying the Third Circuit's test because it "is consistent with the overall aim of the First Circuit's framework for sealing judicial records, insofar as the district court must proceed from the presumption of an open litigation process and may only limit such access in compelling circumstances."). The Third Circuit test requires that courts consider:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; ... (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.... [(7)] the universal level of public interest in access to the identities of litigants; [(8)] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [(9)] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Univ. of Maine*, 2020 WL 981702, at *4 (alternations in original) (quoting *Megless*, 654 F.3d at 409). "The core issue in the Third Circuit's test is 'whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation.'" *Id.* (quoting *Megless*, 654 F.3d at 409).

3

On balance, the *Megless* factors weigh in favor of granting David Smith's Motion. Both Brown and David Smith have kept David Smith's identity confidential throughout the disciplinary proceedings thus far, and his identity has not been widely disseminated amongst the Brown community or the general public. Therefore, the first factor weighs in favor of pseudonymity. *See, e.g.*, *Univ. of Maine*, 2020 WL 981702, at *5; *Dartmouth*, 2018 WL 2048285, at *5.

If David Smith must litigate this case using his real name, not only will his reputation be significantly harmed, but he will certainly be negatively affected in terms of his future educational and employment prospects, and he and his family will suffer severe emotional distress, all prior to any finding of responsibility. (*See* attached Declaration of David Smith.) "Such a concern is only exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to [Brown's] findings . . . whether or not he is successful in this litigation." *Dartmouth*, 2018 WL 2048285, at *5. Moreover, "'the mere accusation that one has committed a sexual assault can subject the accused to lasting reputational damage and harassment,' even where the accused is ultimately found not culpable." *Univ. of Maine*, 2020 WL 981702, at *5 (quoting *Dartmouth*, 2018 WL 2048285, at *5).[2] One of the

---

[2] Indeed, courts throughout the country have permitted student-plaintiffs to proceed under a pseudonym to avoid the severe social stigma that would result from pubic association of their identities with the label of sexual assault perpetrator. *See, e.g.*, *Doe v. Purdue*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) (granting student's pseudonym motion in case challenging university's finding of sexual assault, noting that litigating the action will involve disclosure of "information of the utmost intimacy" and that "[i]f Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit"); *Doe v. Univ. of Notre Dame*, No. 17-298, ECF No. 46 (N.D. Ind. May 8, 2017) (granting accused student's motion to proceed under a pseudonym and finding that "being charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma"); *Doe v. Trs. of Univ. of Pa.*, No. 16-5088, ECF No. 12 (E.D. Pa. Sept. 26, 2016) (granting motion to proceed under a pseudonym, finding that plaintiff "has a legitimate fear of significant harm should the preliminary finding of his responsibility for a sexual assault by made public"); *Doe v. Univ. of St. Thomas*, No. 16-1127, 2016 WL 9307609, at *2-4 (D. Minn. May 25, 2016) (granting pseudonym motion of male student challenging university finding of sexual assault); *Doe v. Colgate Univ.*, No. 15-1069, 2016 WL 1448829, at *3-4 (N.D.N.Y. Apr. 12, 2016) (balancing of all factors weighed in favor of permitting plaintiff to proceed under pseudonym and that "forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges"); *Doe v. Brandeis Univ.*, No. 15-11557, ECF No. 28 (D. Mass. June

many reasons David Smith is filing suit to lift his interim suspension is to avoid having to explain to friends, family, and his employer why he is no longer a Brown student. In other words, the potential for significant, negative impact is precisely why David Smith seeks to proceed pseudonymously. As such, the second and sixth factors weigh in David Smith's favor. Even if eventually determined to be not responsible for the underlying conduct, the harm to David Smith of having his name publicized cannot be undone.

Similarly, if David Smith must litigate this case using his real name—thus exposing his identity—"other similarly situated litigants might be deterred from litigating claims that that the public wants to see litigated." *Univ. of Maine*, 2020 WL 981702, at *6 (citing *Megless*, 654 F.3d at 410). The third factor thus weighs in favor of pseudonymity. *See Doe v. Colgate Univ.*, 2016 WL 1448829, at *2-3 (N.D.N.Y. Apr. 12, 2016) (noting that cases involving campus sexual assault have "garnered significant media attention" and also noting the "potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations"); *Dartmouth*, 2018 WL 2048285, at *6 (acknowledging *Colgate*).

The eighth factor weighs in David Smith's favor because he is not a public figure and "the public's interest in the subject matter of, or any proceedings relating to, this litigation, will not be impeded merely because plaintiff's identity is kept private." *Dartmouth*, 2018 WL 2048385, at *7 (citing *Doe v. Purdue*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) ("The actual identities of Plaintiff and his accuser are of minimal value to the public.")). This is especially true where, as here, the subject matter of the proceedings involves highly sensitive and intimate

---

17, 2015) (finding that the "current record suggests that plaintiff could be subjected to 'social stigmatization' . . . if his name is revealed); *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) (noting that university consented to plaintiff's request to proceed pseudonymously "in light of the sensitive subject matter and the age of the students involved"), *vacated on other grounds by Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. George Washington Univ.*, No. 11-696, ECF No. 2 (D.D.C. Apr. 8, 2011) (granting accused student-plaintiff's motion to proceed under pseudonym).

facts. *See id.* at *5 (quoting *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992)) ("Undoubtedly, 'one's sexual practices are among the most intimate parts of one's life[.]'"); *see also Doe v. Va. Polytechnic Inst. & State Univ.*, No. 19-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (finding that allegations of sexual misconduct "involve sensitive and highly personal facts"); *Purdue*, 321 F.R.D. at 342 (stating that "this litigation requires the disclosure of 'information of the utmost intimacy,' . . . including information regarding Plaintiff's and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and the details of the University's findings"); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (stating that "the litigation here focuses on 'a matter of sensitive and highly personal nature'"); *Doe v. Univ. of St. Thomas*, No. 16-1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) (finding that the "matters at issue are of a 'highly sensitive' and personal nature, indeed are matters of 'utmost intimacy[]' because "[t]he complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters").

Lastly, the ninth factor weighs in David Smith's favor because Brown University does not oppose this Motion. *See supra* note 1; *see also Dartmouth*, 2018 WL 2048385, at *7 ("The ninth and final factor is whether any opposition to the use of a pseudonym is illegitimately motivated. There is no such opposition, so this factor favors plaintiff.").

## CONCLUSION

As shown above, David Smith has demonstrated that a majority of the *Megless* factors weigh in favor of pseudonymity. Accordingly, this Court should grant David Smith's Motion to Proceed Under a Pseudonym.

Dated:  January 14, 2022

        Plaintiff, David Smith,
        by and through his attorneys,

        /s/ Maria F. Deaton
        Maria F. Deaton, Esq. (#7286)
        Lynch & Pine, Attorneys at Law
        One Park Row, Fifth Floor
        Providence, RI 02903
        (401) 274-3306
        mdeaton@lynchpine.com

        and

        /s/ Patrick C. Lynch
        Patrick C. Lynch, Esq. (#4867)
        Lynch & Pine, Attorneys at Law
        One Park Row, Fifth Floor
        Providence, RI 02903
        (401) 274-3306
        plynch@lynchpine.com

## CERTIFICATE OF SERVICE

I, Maria F. Deaton, certify that on January 14, 2022, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

/s/ Maria F. Deaton
Maria F. Deaton, Esq. (#7286)
Lynch & Pine, Attorneys at Law
One Park Row, Fifth Floor
Providence, RI 02903
(401) 274-3306
mdeaton@lynchpine.com
